In the Matter of the Arbitration between BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 1 OF THE TOWNS OF BEDFORD, LEWISBORO, NORTH SALEM, AND POUND RIDGE, WESTCHESTER COUNTY, Respondent, and A. BARBARESI & SON, INC., Appellant.— In a proceeding under article 84 of

the Civil Practice Act for an order directing that the dispute between the parties proceed to arbitration, the appeal is from an order which on reargument adhered to the original decision denying the application and dismissing the proceeding. Order affirmed, with $10 costs and disbursements. No opinion. Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., and Murphy, J., dissent and vote to modify the order and to grant the application, with the following memorandum: The dispute between the parties involves the question whether appellant is required under its contract with respondent to install certain fixtures at its own expense, and requires for its determination an interpretation of the contract documents. As to such interpretation, article 39 of the " General Conditions of the contract for the construction of buildings [American Institute of Architects] " provides that the decision of the architect shall be subject to arbitration, unless the contract documents expressly provide otherwise. Paragraph III of the " General Construction Contract No. 1 " provides that the decision of the architect, as to the amount, quality, and acceptability of the work and material, and as to whether the plans and specifications have been fully complied with by the contractor, shall be final. The General Contract further provides that in case of conflict or inconsistencies between the contract and those of the specifications or any other contract document, the contract and all such documents shall be read together. If the provisions of the General Contract are read together with those of the other contract documents, we see no inconsistency between the two provisions above referred to, giving to each full force and effect, and interpreting the entire contract in such manner as to make all parts of it effective. Paragraph III of the General Contract, insofar as it makes the architect's decisions final is limited to the performance and execution of the work in cases which do not involve questions of interpretation of the contract documents. Article 39 of the General Conditions relates to a dispute such as that which is involved here, requiring interpretation of the contract documents. The dispute is arbitrable, there being no express provision to the contrary in such documents.